ORIGINAL

JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Medical Corporation H&S

FILED
APR 17 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SVK

| | |
|---|---|
| In re Ex Parte Application of<br><br>MEDICAL CORPORATION H&S,<br><br>Applicant. | Case No: CV-19 80107MISC<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM IN SUPPORT** |

BY FAX

Applicant, Medical Corporation H&S ("MCHS"), a medical corporation organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Google LLC (**"Google"**) for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Google documents and information relating to certain Google Accounts through which certain anonymous statements which, under Japanese law, constitute defamation against MCHS and unlawful interference with MCHS's business were made.

This application is supported by the accompanying declaration of Yuichi Nakazawa ("Nakazawa Decl."), an attorney in Japan who represents MCHS in connection with an anticipated lawsuit in Japan against those who made the unlawful statements.

-Page 1 of 6-

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

## I. BACKGROUND

MCHS has been operating a dental clinic under the name of "Shonen Dental Clinic" ("松年歯科クリニック" or "松年歯科" in Japanese) in Nagoya, Japan since March of 2002. Between January and March of 2019, multiple reviews described in Exhibit A attached to Nakazawa Decl. (collectively the "Subject Reviews") concurrently submitted with this application were posted on the Google Map review page concerning "Shonen Dental Clinic" through three different Google Accounts (collectively the "Subject Google Accounts"). All of the Subject Reviews were posted with one-star ratings and offensive comments. Nakazawa Decl. ¶ 4.

According to MCHS's Japanese attorney, the Subject Reviews were posted for harassment purposes and constitute defamation and unlawful business interference under Japanese law. *id.* ¶ 5.

Therefore, MCHS intends to bring a lawsuit in Japan against the person(s) associated with the Subject Google Accounts as soon as the person(s)' identities have been ascertained through the discovery sought by this application. *id.* ¶ 6.

In order to identify the person(s) who committed unlawful acts against MCHS through the Subject Google Accounts, it is crucial for MCHS to obtain the information relating to the Subject Google Accounts. *id.* ¶ 7.

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

-Page 2 of 6-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B. MCHS's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1. Google From Whom Discovery Is Sought Is Located in This District.**

Google, from whom the discovery requested in this application is sought, is located in Mountain View, California[1]. Therefore, Google is within this Court's district.

**2. The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested in this application must be use in a proceeding before a foreign tribunal. The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

MCHS intends to bring a lawsuit in Japan against the person associated with the Google accounts in question as soon as the person's identity has been ascertained through the

---

[1] https://www.google.com/about/locations/.

-Page 3 of 6-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

discovery sought by this application. Nakazawa Decl. ¶ 6. Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3. MCHS is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiff in the anticipated litigation in Japan, MCHS is clearly an interested person under 28 U.S.C. § 1782.

**C. MCHS's Application Further Meets All of the Discretionary Factors under *Intel.***

**1. Google Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not a participant in the prospective Japanese lawsuit. Nakazawa Decl. at ¶ 8. Additionally, the documents that MCHS seeks are located in the United States and not in Japan. Thus, they are out of reach of the Japanese court's jurisdiction.

**2. The Requested Information Is Crucial to MCHS's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In order to identify the person who committed unlawful acts against MCHS through the Google accounts in question for purposes of bring a lawsuit against him in Japanese court, it is

-Page 4 of 6-

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

crucial for MCHS to obtain the information relevant to the Google accounts used by the perpetrator. Nakazawa Decl. ¶ 7.

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

**3. MCHS's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.**

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

MCHS is not aware of any restrictions imposed by or any policies under Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Nakazawa Decl. ¶ 9. In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

**4. MCHS's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.**

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 265.

As shown in the proposed subpoena to Google attached to the proposed order submitted with this application, the discovery requested by MCHS is narrowly tailored and limited to the discovery materials related to the Subject Google Accounts through which the identity of the defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

-Page 5 of 6-

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Subject Google Accounts. *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, the proposed subpoena only seeks disclosure of names and addresses of the person(s) whose credit card is associated with each of the Subject Google Accounts. It does not seek disclosure of credit card numbers or any other sensitive information. *In re Medical Corporation H&S*, Case No. 19-mc-80058-VKD, N.D. Cal. May 15, 2019 (admitted that applicant seeks disclosure of name and address of credit card holder registered on Google Account).

Lastly, it is obvious that access logs when the Subject Reviews were posted and access log for each login are highly relevant and necessary.

## III. CONCLUSION

For the reasons stated above, MCHS respectfully requests that this Court grant this application and permit that it issue the subpoena to Google attached to the proposed order submitted with this application.

Dated: 4/16, 2019

Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By: ______________________
Junji Suzuki
Attorney for Applicant,
Medical Corporation H&S

-Page 6 of 6-

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support